IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 08-cv-00771-WYD-MJW

BAIMEI REISACHER,

      Plaintiff,

v.

TIME WARNER TELECOM HOLDINGS INC.

      Defendant.

---

## PROTECTIVE ORDER

---

THIS MATTER comes before the Court on the stipulated motion of Plaintiff and

Defendant for entry of a Protective Order concerning the treatment of Confidential Information

in this litigation. The Court, being fully advised, HEREBY ORDERS that the Motion is

GRANTED. Confidential Information (as defined below) produced in the course of this

litigation will be subject to the following terms:

     1.     Certain information that the parties will provide to the other party pursuant to

Federal Rule of Civil Procedure 26, in discovery and in deposition questioning contains sensitive

confidential and proprietary information relating to Plaintiff's medical history, Defendant's

business operations, or confidential information concerning current or former employees of

Defendant (collectively "Confidential Information"). Confidential Information includes, but is

not limited to, personal information regarding Plaintiff's medical records, Defendant's

customers, Defendant's trade secrets, information relating to current or former employees,

payroll and compensation information, commercial information not available to Defendant's

competitors, and information not publicly disseminated outside of Time Warner Telecom Holdings Inc (now known as **tw telecom holdings inc.**). It is the position of each party that the disclosure of such information outside the scope of this litigation could result in significant injury to its or her legitimate personal or business interests.

2.      The Producing Party will stamp the word "Confidential" on all documents she or it deems in good faith to contain Confidential Information that are produced in discovery or pursuant to Rule 26 and next to the response to any interrogatory or request for admission that the Producing Party deems to contain Confidential Information.

3.      To the extent that the disclosure of Confidential Information is required in the course of depositions, the parties agree to utilize the following procedure:

> a.      Any individuals not authorized under the terms of this Order to receive Confidential Information will be excluded from the room in which the deposition is conducted while Confidential Information is being discussed;
>
> b       The portions of the deposition identified by the parties as involving confidential information will be so designated by the reporter and will be subject to the terms of this Order.

4.      Confidential Information produced by the Producing Party can be reviewed only by the Recipient Party; the Recipient party's counsel of record; the Recipient Party's counsel's paralegal, secretarial and clerical employees who are assisting in the preparation and trial or appeal of this action; witnesses or potential witnesses in this litigation; expert witnesses retained to assist either of the parties in this litigation; court reporters and other persons involved in

recording deposition testimony in this litigation; employees of copying and/or microfilming services who are involved with providing copying or microfilming services to counsel for any party to this litigation; the Court and any persons employed by the Court whose duties require access to any confidential material; and any other individual authorized by the Producing Party or the Court. The Recipient Party must provide a copy of this Order to any individual to whom Confidential Information is disclosed and each such individual will be bound by this Order. No party or employee of a party, nor any witness or expert will be permitted to review Confidential Information until that person has signed a non-disclosure agreement in the form attached hereto as Exhibit "A," certifying that he or she has received a copy of this Order and agrees to be bound by its terms. Individuals authorized to review Confidential Information shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the Producing Party or by court order. Confidential Information may be used by the Recipient Party, its or her counsel, witnesses or potential witnesses, and expert witnesses solely in connection with this litigation.

5.      In the event the Recipient Party contends that the Producing Party has improperly classified information as confidential, the parties will attempt to resolve the issue between themselves. If the parties cannot resolve the dispute, the Recipient Party may file a motion requesting that the Court determine if the Producing Party's classification of the information as confidential is warranted.

6.      In the event it is necessary for the parties to file Confidential Information with the Court in connection with any pretrial proceedings or as evidence at trial, the information shall be

3

filed in a sealed envelope with the following statement typed conspicuously on the face of the envelope:

Confidential
This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on _____ , 2008, in Case 08-cv-00771-WYD-MJW.

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as confidential shall be filed in a sealed envelope containing the same statement.

7.      At the conclusion of this litigation and any appeals associated therein, Confidential Information shall be handled in the manner prescribed in this paragraph 7. The Recipient party's counsel will collect all extracts, abstracts, charts, summaries, notes or copies made from Confidential Information and shall obtain from each recipient an affidavit in the form of Exhibit B attached hereto. The Recipient Party will have the option of immediately returning to the Producing Party all Confidential Information provided to the Recipient Party, including all extracts, abstracts, charts, summaries, notes or copies that have been prepared by the Recipient Party, its or her counsel or experts, and the portions of all transcripts of depositions and testimony that contain specific discussion of Confidential Information or certifying to Defendant that she or it has collected all such Confidential Information and destroyed all copies thereof. The Recipient Party's counsel shall confirm in writing that they have complied with the requirements of this paragraph 7.

8.      The Producing Party shall have all rights and remedies provided by law for breach of the terms of this Protective Order.

4

9.     This Order shall govern any Confidential Information disclosed in the course of any alternate dispute resolution associated with this case, including but not limited to mediation and arbitration.

GRANTED this 15ᵗʰ day of July, 2008.

BY THE COURT:

United States District Judge

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

## EXHIBIT "A"

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I have read the Protective Order relating to Confidential

Information entered in *Baimei Reisacher v. Time Warner Telecom Holdings, Inc.,* Civil Action

No. 08-cv-00771-WYD-MJW, and agree to be bound by its terms.

_____

Signature

_____

Type or print name

_____

Address

_____

_____

Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number: 08-cv-00771-WYD-MJW

BAIMEI REISACHER

Plaintiff,

v.

TIME WARNER TELECOM HOLDINGS INC.

Defendant.

---

## AFFIDAVIT

---

STATE OF _____ _____ )
                                ): ss.
COUNTY OF _____ )

    I, _____ _____ , being first duly sworn, depose and state as

follows:

1.    During the course of this civil action I received Confidential Information as that

    term is defined in the Protective Order entered by the Court dated

    _____ _____, 2008.

2.    Concurrently with this Affidavit, I have returned all Confidential Information,

    including all copies and any summaries, extracts, paraphrases or characterizations

    containing or referring to Confidential Information to the other party to this case

    or its or her counsel of record.

3. Except in accordance with the above-referenced Protective Order, I have not either personally or through any representatives kept or maintained any Confidential Information or any copies or summaries, extracts, paraphrases or characterizations containing or referring to Confidential Information.

_____

The foregoing Affidavit was acknowledged, subscribed, and sworn to before me this _____ day of _____, 2008 by _____.

[ S E A L ]

_____
Notary Public
My Commission Expires:_____

667857v.1

3